## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

M-I DRILLING FLUIDS UK LTD., and
M-I LLC,

          Plaintiffs,

v.

DYNAMIC AIR LTDA.,

          Defendant.

C.A. No.: 13-cv-2385 (ADM/HB)

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Plaintiffs M-I Drilling Fluids UK Ltd. and M-I LLC appeal to the United States Court of Appeals for the Federal Circuit from the Memorandum Opinion and Order granting Defendant's Motion to Dismiss for Lack of Jurisdiction [Dkt. 120] entered in this action on March 1, 2016, the Amended Memorandum Opinion and Order granting Defendant's Motion to Dismiss for Lack of Jurisdiction [Dkt. 122], entered in this action on March 22, 2016, the Judgment [Dkt. 121] entered in this action on March 1, 2016, and the Amended Judgment [Dkt. 123] entered in this action on March 22, 2016, including but not limited to all earlier rulings or decision incorporated therein.

Dated:       March 29, 2016          By: *s/* Eric H. Chadwick

Eric H. Chadwick (248,769)
chadwick@ptslaw.com
PATTERSON THUENTE PEDERSEN,
P.A.
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Tel:  (612) 349-5740
Fax: (612)349-9266

**ATTORNEYS FOR PLAINTIFFS**


OF COUNSEL:

Scott J. Pivnick
scott.pivnick@alston.com
Adam D. Swain
adam.swain@alston.com
Benn Wilson
benn.wilson@alston.com
ALSTON & BIRD LLP\
The Atlantic Building
950 F Street, NW
Washington, DC 20004
Tel.: (202) 239-3300
Fax: (202) 239-3333

Patrick Flinn
patrick.flinn@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: (404) 881-7000
Fax: (404) 253-8756

APPEAL,CLOSED,CV,PATENT,RELTD

# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: 0:13-cv-02385-ADM-HB
## Internal Use Only

| | |
|---|---|
| M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda. | Date Filed: 08/30/2013 |
| Assigned to: Judge Ann D. Montgomery | Date Terminated: 03/01/2016 |
| Referred to: Magistrate Judge Hildy Bowbeer | Jury Demand: Both |
| rel Case: 0:14-cv-04857-ADM-HB | Nature of Suit: 830 Patent |
| Cause: 35:145 Patent Infringement | Jurisdiction: Federal Question |

**Plaintiff**

**M-I Drilling Fluids UK Ltd.**

represented by

**Adam D Swain**
Alston & Bird LLP
The Atlantic Building
950 F Street NW
Washington, DC 20004
202-239-3300
Email: adam.swain@alston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benn C Wilson**
Alston & Bird LLP
The Atlantic Building
950 F. Street, NW
Washington, DC 20004
202-239-3300
Email: benn.wilson@alston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian L Stender**
Patterson Thuente Christensen Pedersen, PA
80 S 8th St Ste 4800
Mpls, MN 55402-2100
612-252-1548
Fax: 612-349-9266
Email: stender@ptslaw.com
*LEAD ATTORNEY*

A true printed copy in __18__ sheet(s)
of the electronic record filed on __8/30/13__.
in the United States District Court
for the District of Minnesota.
CERTIFIED,_____
          March 30 2016
         RICHARD D. SLETTEN
BY:_____
           Deputy Clerk

*ATTORNEY TO BE NOTICED*

**Casey A Kniser**
Patterson Thuente Christensen Pedersen,
PA
80 S 8th St Ste 4800
Mpls, MN 55402-2100
612-349-5740
Fax: 612-349-9266
Email: kniser@ptslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric H Chadwick**
Patterson Thuente Christensen Pedersen,
PA
80 S 8th St Ste 4800
Mpls, MN 55402-2100
(612) 349-5740
Fax: (612) 349-9266
Email: chadwick@ptslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick J Flinn**
Alston & Bird LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309
404-881-7000
Email: patrick.flinn@alston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott J Pivnick**
Alston & Bird LLP
The Atlantic Building
950 F. Street, NW
Washington, DC 20004
202-239-3300
Email: scott.pivnick@alston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David K Kuklewicz**

Alston & Bird LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309
404-881-7000
Email: david.kuklewicz@alston.com
*TERMINATED: 01/12/2016*
*PRO HAC VICE*

**Plaintiff**

**M-I LLC**                           represented by   **Casey A Kniser**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Eric H Chadwick**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Dynamic Air Inc.**                  represented by   **Nathan Louwagie**
*TERMINATED: 02/06/2014*                               225 South Sixth Street, Suite 4200
                                                       Minneapolis, MN 55402
                                                       612-436-9600
                                                       Email: nlouwagie@carlsoncaspers.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Carrie L Hund**
                                                       Bassford Remele, PA
                                                       33 S 6th St Ste 3800
                                                       Mpls, MN 55402-3707
                                                       612-333-3000
                                                       Fax: 612-333-8829
                                                       Email: chund@bassford.com
                                                       *TERMINATED: 09/23/2015*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kevin P Hickey**
                                                       Bassford Remele, PA
                                                       33 S 6th St Ste 3800
                                                       Mpls, MN 55402-3707
                                                       612-333-3000

Fax: 612-333-8829
Email: kevinh@bassford.com
*TERMINATED: 09/23/2015*
*ATTORNEY TO BE NOTICED*

**Steven P Aggergaard**
Bassford Remele, PA
33 S 6th St Ste 3800
Mpls, MN 55402-3707
612-376-1614
Fax: 612-746-1214
Email: saggergaard@bassford.com
*TERMINATED: 09/23/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Dynamic Air Ltda.** | represented by | **Alan G Carlson**<br>Carlson Caspers Vandenburgh Lindquist &<br>Schuman PA<br>225 S 6th St Ste 4200<br>Mpls, MN 55402<br>612-436-9616<br>Fax: 612-436-9605<br>Email: acarlson@carlsoncaspers.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Nathan Louwagie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd S Werner**
Carlson Caspers Vandenburgh Lindquist &
Schuman PA
225 S 6th St Ste 4200
Mpls, MN 55402
612-436-9600
Fax: 612-436-9605
Email: twerner@carlsoncaspers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

| | | |
|---|---|---|
| **Dynamic Air Ltda.** | represented by | **Alan G Carlson**<br>(See above for address)<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Todd S Werner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**M-I Drilling Fluids UK Ltd.**                    represented by    **Adam D Swain**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benn C Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian L Stender**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric H Chadwick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick J Flinn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott J Pivnick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David K Kuklewicz**
(See above for address)
*TERMINATED: 01/12/2016*
*PRO HAC VICE*

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 08/30/2013 | 1 | COMPLAINT against Dynamic Air Inc., Dynamic Air Ltda, receipt #4-74409. Case assigned to Judge Ann D. Montgomery per Patent List and referred to Magistrate Judge Steven E. Rau. Filed by M-I Drilling Fluids UK Ltd. Filer requests summons issued. (Attachments: # 1 Exhibit(s) A - E, # 2 Civil Cover Sheet) (jam) DOCUMENT QC'D ON 9/4/13 LGL Modified on 9/4/2013 (LGL). (Entered: 09/03/2013) |
| 09/03/2013 | 2 | Summons Issued as to Dynamic Air Inc., Dynamic Air Ltda. (jam) (Entered: 09/03/2013) |
| 09/03/2013 | 🔒 | (Court only) *** Copy of complaint sent to the Patent Office. (jam) (Entered: 09/03/2013) |
| 09/03/2013 | 3 | TEXT ONLY ENTRY: Notice re: Non-Admitted Attorney<br><br>We have received documents listing **Scott J. Pivnick, Adam D. Swain, Benn Wilson, Patrick Flinn, and David Kuklewicz** as counsel of record. If he or she wishes to be listed as an attorney of record in this case, he or she must be admitted to the bar of the U.S. District Court of Minnesota in accordance with Local Rule 83.5 (a), (b) and (c) or temporarily admitted pro hac vice in accordance with Local Rule 83.5 (d) or (e).<br><br>For more admissions information and forms, please see the Attorney Forms Section of the courts website at href=http://www.mnd.uscourts.gov/FORMS /court_forms.shtml#attorneyforms. (jam) (Entered: 09/03/2013) |
| 09/03/2013 | 4 | RULE 7.1 DISCLOSURE STATEMENT: M-I Holdings (UK) Limited is the sole shareholder of MIDF UK. MIDFUK's ultimate corporate parent is Schlumberger Limited, which is a publicly traded company. (jam) DOCUMENT QC'D ON 9/4/13 LGL Modified on 9/4/2013 (LGL). (Entered: 09/03/2013) |
| 09/03/2013 | 5 | DECLARATION of of Technical Issues by M-I Drilling Fluids UK Ltd. (jam)DOCUMENT QC'D ON 9/4/13 LGL Modified on 9/4/2013 (LGL). (Entered: 09/03/2013) |
| 09/05/2013 | 6 | MOTION for Admission Pro Hac Vice for Attorney David K. Kuklewicz. Filing fee $ 100, receipt number 0864-3684947 by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 09/05/2013) |
| 09/05/2013 | 7 | MOTION for Admission Pro Hac Vice for Attorney Patrick J. Flinn. Filing fee $ 100, receipt number 0864-3684978 by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 09/05/2013) |
| 09/05/2013 | 8 | MOTION for Admission Pro Hac Vice for Attorney Scott J. Pivnick. Filing fee $ 100, receipt number 0864-3684987 by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 09/05/2013) |

| 09/05/2013 | 9 | DOCUMENT FILED IN ERROR-WILL REFILE. MOTION for Admission Pro Hac Vice for Attorney Adam D. Swain. Filing fee $ 100, receipt number 0864-3684993 by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) Modified text on 9/6/2013 (KMM). (Entered: 09/05/2013) |
|---|---|---|
| 09/05/2013 | 10 | MOTION for Admission Pro Hac Vice for Attorney Benn C. Wilson. Filing fee $ 100, receipt number 0864-3685010 by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 09/05/2013) |
| 09/06/2013 | 11 | TEXT ONLY ENTRY: ORDER granting 6 Motion for Admission Pro Hac Vice of Attorney David K Kuklewicz for M-I Drilling Fluids UK Ltd. Approved by Magistrate Judge Steven E. Rau on 09/06/2013. (KMM) (Entered: 09/06/2013) |
| 09/06/2013 | 12 | TEXT ONLY ENTRY: ORDER granting 7 Motion for Admission Pro Hac Vice of Attorney Patrick J Flinn for M-I Drilling Fluids UK Ltd. Approved by Magistrate Judge Steven E. Rau on 09/06/2013. (KMM) (Entered: 09/06/2013) |
| 09/06/2013 | 13 | TEXT ONLY ENTRY: ORDER granting 8 Motion for Admission Pro Hac Vice of Attorney Scott J Pivnick for M-I Drilling Fluids UK Ltd. Approved by Magistrate Judge Steven E. Rau on 09/06/2013. (KMM) (Entered: 09/06/2013) |
| 09/06/2013 | 14 | TEXT ONLY ENTRY: ORDER granting 10 Motion for Admission Pro Hac Vice of Attorney Benn C Wilson for M-I Drilling Fluids UK Ltd. Approved by Magistrate Judge Steven E. Rau on 09/06/2013. (KMM) (Entered: 09/06/2013) |
| 09/06/2013 | 15 | ORDER OF RECUSAL. Magistrate Judge Steven E. Rau recused. Case reassigned to Magistrate Judge Jeanne J. Graham for all further proceedings. **NOTE:** the new case number is **13-cv-02385 (ADM/JJG)**. Please use this case number for all subsequent pleadings. Signed by Magistrate Judge Steven E. Rau on 09/06/2013. (lmb) (Entered: 09/06/2013) |
| 09/06/2013 | 16 | MOTION for Admission Pro Hac Vice for Attorney Adam D. Swain. Filing fee $ 100, receipt number 0864-3687135 by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 09/06/2013) |
| 09/06/2013 | 🔒 | (Court only) ***Motions terminated: 9 MOTION for Admission Pro Hac Vice for Attorney Adam D. Swain. Filing fee $ 100, receipt number 0864-3684993 filed by M-I Drilling Fluids UK Ltd. (KMM) (Entered: 09/06/2013) |
| 09/09/2013 | 🔒 | (Court only) ***Staff Note. REFUND as to 9 Motion for Admission Pro Hac Vice filed by M-I Drilling Fluids UK Ltd. due to Document Filed in Error 0864-3684993 per Michael Vicklund. Refund issued to attorney Eric H Chadwick. Pay.gov transaction reference number 0864-3684993. (KLU) (Entered: 09/09/2013) |
| 09/11/2013 | 17 | TEXT ONLY ENTRY: ORDER granting 16 Motion for Admission Pro Hac Vice of Attorney Adam D Swain for M-I Drilling Fluids UK Ltd.. Approved by Magistrate Judge Jeanne J. Graham on 09/11/2013. (MAP) (Entered: 09/11/2013) |
| 09/12/2013 | 18 | MOTION for Issuance of Letters Rogatory/Letters of Request by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 09/12/2013) |

| 09/13/2013 | 19 | ORDER that Plaintiff's Motion for Issuance of a Request for Judicial Assistance (Letters Rogatory) (ECF No. 18) is GRANTED. The Request for Judicial Assistance is attached. Signed by Magistrate Judge Jeanne J. Graham on 9/13/13. (Attachments: # 1 Request for Judicial Assistance) (jam) (Entered: 09/13/2013) |
|---|---|---|
| 09/16/2013 | 20 | REQUEST FOR JUDICIAL ASSISTANCE (Letters Rogatory) ISSUED on 09/17/2013. Originals sent to Patterson Thuente Christensen Pedersen, PA. (Attachments: # 1 Complaint, # 2 Exhibits, # 3 Summons).(TSS) (Entered: 09/17/2013) |
| 09/25/2013 | 21 | SUMMONS Returned Executed by M-I Drilling Fluids UK Ltd.. Dynamic Air Inc. served on 9/19/2013, answer due 10/10/2013. (Chadwick, Eric) (Entered: 09/25/2013) |
| 10/10/2013 | 22 | MOTION to Dismiss/General by Dynamic Air Inc. (Hund, Carrie) Modified on 11/4/2013 (kt). (Entered: 10/10/2013) |
| 10/10/2013 | 23 | NOTICE OF HEARING ON MOTION 22 MOTION to Dismiss/General : Motion Hearing set for 12/3/2013 09:00 AM in Courtroom 13W (MPLS) before Judge Ann D. Montgomery. (Hund, Carrie) (Entered: 10/10/2013) |
| 10/10/2013 | 24 | MEMORANDUM in Support re 22 MOTION to Dismiss/General filed by Dynamic Air Inc. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Hund, Carrie) Modified on 11/4/2013 (kt). (Entered: 10/10/2013) |
| 10/10/2013 | 25 | Declaration of Carrie L. Hund in Support of 24 Memorandum in Support of Motion, 22 MOTION to Dismiss/General , 23 Notice of Hearing on Motion filed by Dynamic Air Inc. (Attachments: # 1 Exhibit(s) 1-4)(Hund, Carrie) Modified on 11/4/2013 (kt). (Entered: 10/10/2013) |
| 10/10/2013 | 26 | RULE 7.1 DISCLOSURE STATEMENT. There is no parent corporation, publicly held corporation or wholly-owned subsidiary to report for Defendants Dynamic Air Inc. (Hund, Carrie) Modified on 11/4/2013 (kt). (Entered: 10/10/2013) |
| 10/11/2013 | 🔒 | (Court only) *** Attorney Kevin P Hickey,Steven P Aggergaard for Dynamic Air Inc.,Kevin P Hickey,Steven P Aggergaard for Dynamic Air Ltda. added. (lmb) (Entered: 10/11/2013) |
| 10/31/2013 | 27 | MEMORANDUM in Opposition re 22 MOTION to Dismiss/General filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Chadwick, Eric) (Entered: 10/31/2013) |
| 10/31/2013 | 28 | Declaration of Adam D. Swain in Support of 27 Memorandum in Opposition to Motion filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2)(Chadwick, Eric) (Entered: 10/31/2013) |
| 11/14/2013 | 29 | Reply to Response to Motion re 22 MOTION to Dismiss/General filed by Dynamic Air Inc. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Hund, Carrie) Modified text on 11/14/2013 (jz). (Entered: 11/14/2013) |

| | | |
|---|---|---|
| 12/02/2013 | 30 | NOTICE of Appearance by Brian L Stender on behalf of M-I Drilling Fluids UK Ltd.. (Stender, Brian) (Entered: 12/02/2013) |
| 12/03/2013 | 31 | TEXT ENTRY for proceedings held before Judge Ann D. Montgomery: Motion Hearing held on 12/3/2013 re 22 MOTION to Dismiss/General filed by Dynamic Air Inc., Dynamic Air Ltda. Motion taken under advisement. (Court Reporter Tim Willette) (GJS) (Entered: 12/03/2013) |
| 12/03/2013 | 🔒 | (Court only) *** Motions Taken Under Advisement: 22 MOTION to Dismiss/General (GJS) (Entered: 12/03/2013) |
| 02/06/2014 | 32 | WITHDRAWN Per Order 44 filed 03/11/2014. MEMORANDUM OPINION AND ORDER granting 22 Defendants' Motion to Dismiss(Written Opinion). Signed by Judge Ann D. Montgomery on 02/06/2014. (TLU) Modified text, link on 3/11/2014 (lmb). (Entered: 02/06/2014) |
| 02/06/2014 | 33 | JUDGMENT (Attachments: # 1 Civil Notice - appeal)(lmb) (Entered: 02/06/2014) |
| 02/18/2014 | 34 | LETTER to Request Permission to File Motion to Reconsider . (Chadwick, Eric) (Entered: 02/18/2014) |
| 02/19/2014 | 35 | NOTICE of Filing of Official Transcript. This filing has 1 transcript(s) associated with it. (TJW) (Entered: 02/19/2014) |
| 02/19/2014 | 🔓 36 | TRANSCRIPT of Hearing on Defendants' Motion to Dismiss held on December 3, 2013 before Judge Ann D. Montgomery. (26 pages). Court Reporter: Tim Willette (E-mail: Tim_Willette@mnd.uscourts.gov. Telephone: (612) 664-5108). Redaction Request due 3/12/2014. Redacted Transcript Deadline set for 3/24/2014. Release of Transcript Restriction set for 5/20/2014. For information on redaction procedures, please review Local Rule 5.5. (TJW) (Entered: 02/19/2014) |
| 02/19/2014 | 🔒 | (Court only) ***Staff notes - Transcript fee paid by Scott J Pivnick, Benn C Wilson. Electronic access to transcript 36 granted during the 90-day restriction period. (TJW) (Entered: 02/19/2014) |
| 02/19/2014 | 🔒 | (Court only) ***Staff notes - Scott J Pivnick, Benn C Wilson given electronic access to transcript 36 . (lmb) (Entered: 02/19/2014) |
| 02/19/2014 | 🔒 | (Court only) ***Staff notes - Transcript fee paid by Steven P Aggergaard. Electronic access to transcript 36 granted during the 90-day restriction period. (TJW) (Entered: 02/19/2014) |
| 02/20/2014 | 🔒 | (Court only) ***Staff notes - Steven P Aggergaard given electronic access to transcript 36 . (lmb) (Entered: 02/20/2014) |
| 02/26/2014 | 37 | LETTER RESPONSE re 34 Letter to Request Permission to File Motion to Reconsider. (Aggergaard, Steven) (Entered: 02/26/2014) |
| 03/06/2014 | 38 | MOTION to Alter/Amend/Correct Judgment *Dismissing the Complaint as to Defendant Dynamic Air Ltda.* by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 03/06/2014) |

| 03/06/2014 | 39 | NOTICE OF HEARING ON MOTION 38 MOTION to Alter/Amend/Correct Judgment *Dismissing the Complaint as to Defendant Dynamic Air Ltda.* : at date and time to be determined. (Chadwick, Eric) (Entered: 03/06/2014) |
|---|---|---|
| 03/06/2014 | 40 | MEMORANDUM in Support re 38 MOTION to Alter/Amend/Correct Judgment *Dismissing the Complaint as to Defendant Dynamic Air Ltda.* filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Chadwick, Eric) (Entered: 03/06/2014) |
| 03/06/2014 | 41 | Declaration of Scott J. Pivnick in Support of 38 MOTION to Alter/Amend /Correct Judgment *Dismissing the Complaint as to Defendant Dynamic Air Ltda.* filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 Exhibit(s) 1 - Waiver Request Receipt, # 2 Exhibit(s) 2 - Transcript of 12/3/2013 hearing, # 3 Exhibit(s) 3 - Court's docket as of 2/24/2014)(Chadwick, Eric) (Entered: 03/06/2014) |
| 03/06/2014 | 42 | MEET and CONFER STATEMENT re 38 Motion to Alter/Amend/Correct Judgment filed by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 03/06/2014) |
| 03/06/2014 | 43 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by M-I Drilling Fluids UK Ltd. re 38 MOTION to Alter/Amend/Correct Judgment *Dismissing the Complaint as to Defendant Dynamic Air Ltda.* (Chadwick, Eric) (Entered: 03/06/2014) |
| 03/11/2014 | 44 | ORDER granting 38 Plaintiff's Motion to Alter/Amend/Correct Judgment. The Court's February 6, 2014 Order 32 is WITHDRAWN as to the issue of personal jurisdiction over Dynamic Air Ltda. Judgment in this matter 33 is VACATED only with respect to Dynamic Air Ltda. The Clerk shall RE-OPEN this action and the Complaint 1 shall be reinstated only as to Dynamic Air Ltda. Plaintiff's request for leave to file a motion to reconsider 34 is DENIED (Written Opinion). Signed by Judge Ann D. Montgomery on 03-11-2014. (TLU) (Entered: 03/11/2014) |
| 03/12/2014 | 🔒 | (Court only) ***Case Reopened per Order. (TSS) (Entered: 03/12/2014) |
| 04/23/2014 | 🔒 | (Court only) *** Chambers Notes: The plaintiff is attempting service in Brazil. Judge Montgomery suggests checking status end of May. (GJS) (Entered: 04/23/2014) |
| 05/20/2014 | 🔒 | (Court only) ***Transcript Deadline terminated for transcript, doc. #36 as 90 day restriction lifted. (JME) (Entered: 05/20/2014) |
| 08/08/2014 | 45 | TEXT ONLY ENTRY: CLERK'S NOTICE OF REASSIGNMENT. Due to the retirement of Magistrate Judge Graham, this case is reassigned to Magistrate Judge Hildy Bowbeer. Magistrate Judge Jeanne J. Graham no longer assigned to the case.**NOTE:** the new case number is **13-cv-2385 ADM/HB**. Please use this case number for all subsequent pleadings. (kt) (Entered: 08/08/2014) |
| 09/03/2014 | 🔒 | (Court only) *** Chambers Notes: 8/27 email from plaintiff's counsel, Eric Chadwick re: service, "We continue in our efforts to serve the Brazilian |

| | | |
|---|---|---|
| | | defendant Dynamic Air Ltd. as required under the Inter-American Treaty. Since our last update, we have asked our process server to obtain a status update on the service of Dynamic Air Ltda. in Brazil. They inform us that while the Brazil court cannot provide a status on service, the US state department reports a 9-12 month return date, which means service should occur sometime in September or October. We are also working with the department of state and the US Embassy in Sao Paulo to get a more precise status update." (JME) (Entered: 09/03/2014) |
| 12/01/2014 | 46 | LETTER TO CLERK'S OFFICE from Kevin P. Hickey. (Hickey, Kevin) (Entered: 12/01/2014) |
| 12/02/2014 | 47 | ORDER FOR STATUS REPORT - Status Report in letter form due on or before 12/8/2014. Signed by Magistrate Judge Hildy Bowbeer on 12/02/2014. (las) (Entered: 12/02/2014) |
| 12/03/2014 | 🔒 | (Court only) ***Case Possibly Related to 14-cv-04857-PJS-JJK. (lmb) (Entered: 12/03/2014) |
| 12/05/2014 | 49 | ORDER OF DIRECTION TO THE CLERK OF COURT FOR REASSIGNMENT OF RELATED CASE. Case No. 13-cv-2385(ADM/HB) having been assigned to Judge Ann D. Montgomery and Case No. 14-cv-4857 (PJS/JJK) having later been assigned to Judge Patrick J. Schiltz, and said matters being related cases, IT IS HEREBY ORDERED that Case No. 14-cv-4857 (PJS/JJK) be assigned to Judge Ann D. Montgomery and Magistrate Judge Hildy Bowbeer, nunc pro tunc, by use of a card from the appropriate deck in the automated case assignment system. The Clerk of Court is directed to reuse a card from the same deck from which the original assignment was made pursuant to the Courts Assignment of Cases order filed December 19, 2008. IT IS FINALLY ORDERED that a copy of this order shall be filed in each of the above respective files. Signed by Judge Ann D. Montgomery on 12/5/2014 and Judge Patrick J. Schiltz on 12/11/2014. (las) Modified on 12/12/2014 (las). (Entered: 12/11/2014) |
| 12/08/2014 | 48 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. . (Chadwick, Eric) (Entered: 12/08/2014) |
| 02/17/2015 | 50 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. . (Chadwick, Eric) (Entered: 02/17/2015) |
| 02/27/2015 | 51 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. . (Chadwick, Eric) (Entered: 02/27/2015) |
| 05/01/2015 | 52 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. . (Chadwick, Eric) (Entered: 05/01/2015) |
| 07/15/2015 | 53 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. . (Chadwick, Eric) (Entered: 07/15/2015) |
| 07/27/2015 | 54 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. . (Attachments: # 1 Exhibit(s) A - English Translation of Certificate of Service, # 2 Exhibit(s) B - Certificate of Service in Portuguese)(Chadwick, Eric) (Entered: |

| | | |
|---|---|---|
| | | 07/27/2015) |
| 08/12/2015 | 55 | ANSWER to Complaint *Affirmative Defenses*, COUNTERCLAIM against M-I Drilling Fluids UK Ltd.. by Dynamic Air Ltda.. (Carlson, Alan) (Entered: 08/12/2015) |
| 08/12/2015 | 56 | NOTICE of Appearance by Alan G Carlson on behalf of Dynamic Air Ltda.. (Carlson, Alan) (Entered: 08/12/2015) |
| 08/13/2015 | 🔒 | (Court only) *** Attorney Todd S Werner for Dynamic Air Ltda.,Todd S Werner for Dynamic Air Ltda. added. (lmb) (Entered: 08/13/2015) |
| 08/24/2015 | 57 | ORDER REGARDING PRETRIAL SCHEDULING CONFERENCE - Pretrial Conference set for 9/18/2015 09:00 AM in Judge's Chambers, Suite 632 (STP) before Magistrate Judge Hildy Bowbeer. Signed by Magistrate Judge Hildy Bowbeer on 8/24/2015. (Attachments: # 1 Consent Form)(las) (Entered: 08/24/2015) |
| 08/28/2015 | 58 | REPLY to Counterclaim by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 08/28/2015) |
| 09/09/2015 | 59 | MOTION to Dismiss for Lack of Jurisdiction by Dynamic Air Ltda.. (Carlson, Alan) (Entered: 09/09/2015) |
| 09/09/2015 | 60 | NOTICE OF HEARING ON MOTION 59 MOTION to Dismiss for Lack of Jurisdiction : Motion Hearing set for 10/29/2015 10:00 AM in Courtroom 13W (MPLS) before Judge Ann D. Montgomery. (Carlson, Alan) (Entered: 09/09/2015) |
| 09/09/2015 | 61 | MEMORANDUM in Support re 59 MOTION to Dismiss for Lack of Jurisdiction filed by Dynamic Air Ltda.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Carlson, Alan) (Entered: 09/09/2015) |
| 09/09/2015 | 62 | Declaration of Todd S. Werner in Support of 59 MOTION to Dismiss for Lack of Jurisdiction filed by Dynamic Air Ltda.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C (part 1), # 4 Exhibit(s) C (part 2))(Carlson, Alan) (Entered: 09/09/2015) |
| 09/09/2015 | 63 | MEET and CONFER STATEMENT re 59 Motion to Dismiss/Lack of Jurisdiction filed by Dynamic Air Ltda.. (Carlson, Alan) (Entered: 09/09/2015) |
| 09/09/2015 | 64 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by Dynamic Air Ltda. re 59 MOTION to Dismiss for Lack of Jurisdiction (Carlson, Alan) (Entered: 09/09/2015) |
| 09/09/2015 | 65 | Declaration of Horacio Paez in Support of 59 MOTION to Dismiss for Lack of Jurisdiction filed by Dynamic Air Ltda.. (Carlson, Alan) (Entered: 09/09/2015) |
| 09/14/2015 | 66 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. *Joint Letter*. (Chadwick, Eric) (Entered: 09/14/2015) |
| 09/23/2015 | 67 | NOTICE of Withdrawal as Attorney (Hickey, Kevin) (Entered: 09/23/2015) |

| | | |
|---|---|---|
| 09/23/2015 | 🔒 | (Court only) *** Attorney Carrie L Hund; Steven P Aggergaard and Kevin P Hickey terminated. (LPH) (Entered: 09/23/2015) |
| 09/30/2015 | 68 | RESPONSE in Opposition re 59 MOTION to Dismiss for Lack of Jurisdiction filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate) SEALED DOCUMENT RECEIVED IN CLERKS OFFICE ON 9/28/15. (Chadwick, Eric) Modified on 10/2/2015 (AKL). (Entered: 09/30/2015) |
| 09/30/2015 | 69 | Declaration of Scott Pivnick in Support of 68 Response in Opposition to Motion filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 Exhibit(s) 11, # 12 Exhibit(s) 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14, # 15 Exhibit(s) 15, # 16 Exhibit(s) 16, # 17 Exhibit(s) 17, # 18 Exhibit(s) 18, # 19 Exhibit(s) 19, # 20 Exhibit(s) 20, # 21 Exhibit(s) 21, # 22 Exhibit(s) 22, # 23 Exhibit(s) 23) SEALED DOCUMENTS RECEIVED IN CLERKS OFFICE ON 9/28/15. (Chadwick, Eric) Modified on 10/2/2015 (AKL). (Entered: 09/30/2015) |
| 10/01/2015 | 70 | CERTIFICATE OF SERVICE by M-I Drilling Fluids UK Ltd. re 69 Declaration in Support,, 68 Response in Opposition to Motion *Conventially Filed/Sealed Documents* (Chadwick, Eric) (Entered: 10/01/2015) |
| 10/06/2015 | 71 | MOTION for Jurisdictional Discovery by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 10/06/2015) |
| 10/06/2015 | 72 | NOTICE OF HEARING ON MOTION 71 MOTION for Jurisdictional Discovery : Motion Hearing set for 10/23/2015 03:00 PM in Courtroom 6B (STP) before Magistrate Judge Hildy Bowbeer. (Chadwick, Eric) (Entered: 10/06/2015) |
| 10/06/2015 | 73 | MEMORANDUM in Support re 71 MOTION for Jurisdictional Discovery filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Chadwick, Eric) (Entered: 10/06/2015) |
| 10/06/2015 | 74 | MEET and CONFER STATEMENT re 71 Motion for Miscellaneous Relief filed by M-I Drilling Fluids UK Ltd.. (Chadwick, Eric) (Entered: 10/06/2015) |
| 10/06/2015 | 75 | Declaration of Scott J. Pivnick in Support of 71 MOTION for Jurisdictional Discovery filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3)(Chadwick, Eric) (Entered: 10/06/2015) |
| 10/06/2015 | 76 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by M-I Drilling Fluids UK Ltd. re 71 MOTION for Jurisdictional Discovery (Chadwick, Eric) (Entered: 10/06/2015) |
| 10/07/2015 | 77 | NOTICE OF HEARING ON MOTION 71 MOTION for Jurisdictional Discovery : Motion Hearing set for 10/23/2015 03:00 PM in Courtroom 6B (STP) before Magistrate Judge Hildy Bowbeer. (Chadwick, Eric) (Entered: 10/07/2015) |

| | | |
|---|---|---|
| 10/13/2015 | 78 | ORDER REGARDING HEARING DATE AND TIME FOR MOTIONS AND PRETRIAL SCHEDULING CONFERENCE: Motion Hearing re 71 MOTION and Pretrial Conference set for 10/23/2015 02:00 PM in Courtroom 6B (STP) before Magistrate Judge Hildy Bowbeer. Signed by Magistrate Judge Hildy Bowbeer on 10/13/2015. (Attachments: # 1 Consent Form)(ALM) (Entered: 10/13/2015) |
| 10/14/2015 | 79 | RESPONSE in Support re 59 MOTION to Dismiss for Lack of Jurisdiction filed by Dynamic Air Ltda.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Carlson, Alan) (Entered: 10/14/2015) |
| 10/14/2015 | 80 | Declaration of Todd S. Werner in Support of 79 Response in Support of Motion filed by Dynamic Air Ltda.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2)(Carlson, Alan) (Entered: 10/14/2015) |
| 10/15/2015 | 81 | ***WITHDRAWN SEE LETTER 91 - AMENDED COMPLAINT against All Defendants. Filed by M-I Drilling Fluids UK Ltd., M-I LLC. No summons requested. (Attachments: # 1 Exhibit(s) Ex. A, # 2 Exhibit(s) Ex. B, # 3 Exhibit(s) Ex. C, # 4 Exhibit(s) Ex. D, # 5 Exhibit(s) Ex. E) (Chadwick, Eric) Modified on 10/23/2015 (las). (Entered: 10/15/2015) |
| 10/15/2015 | 82 | RULE 7.1 DISCLOSURE STATEMENT. Smith International Acquisition Corp. is a corporate parent of Plaintiff M-I LLC. Schlumberger Technology Corporation is a corporate parent of Plaintiff M-I LLC. Schlumberger N.V. (Schlumberger Limited) is a publicly-held corporation owning 10 percent or more of stock of Plaintiff M-I LLC. (Chadwick, Eric) (Entered: 10/15/2015) |
| 10/16/2015 | 83 | RESPONSE in Opposition re 71 MOTION for Jurisdictional Discovery filed by Dynamic Air Ltda.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Werner, Todd) (Entered: 10/16/2015) |
| 10/16/2015 | 84 | Declaration of Marcelo Osorio in Support of 83 Response in Opposition to Motion filed by Dynamic Air Ltda.. (Werner, Todd) (Entered: 10/16/2015) |
| 10/21/2015 | 85 | NOTICE of Appearance by Casey A Kniser on behalf of All Plaintiffs. (Kniser, Casey) (Entered: 10/21/2015) |
| 10/22/2015 | 86 | MOTION to Alter/Amend/Supplement Pleadings 1 Complaint, by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Kniser, Casey) (Entered: 10/22/2015) |
| 10/22/2015 | 87 | NOTICE OF HEARING ON MOTION 86 MOTION to Alter/Amend /Supplement Pleadings 1 Complaint, : Motion Hearing set for 11/6/2015 01:30 PM in Courtroom 6B (STP) before Magistrate Judge Hildy Bowbeer. (Kniser, Casey) (Entered: 10/22/2015) |
| 10/22/2015 | 88 | MEMORANDUM in Support re 86 MOTION to Alter/Amend/Supplement Pleadings 1 Complaint, filed by M-I Drilling Fluids UK Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Kniser, Casey) (Entered: 10/22/2015) |

| 10/22/2015 | 89 | MEET and CONFER STATEMENT re 86 Motion to Alter/Amend/Supplement Pleadings filed by M-I Drilling Fluids UK Ltd.. (Kniser, Casey) (Entered: 10/22/2015) |
|---|---|---|
| 10/22/2015 | 90 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by M-I Drilling Fluids UK Ltd. re 86 MOTION to Alter/Amend/Supplement Pleadings 1 Complaint, (Kniser, Casey) (Entered: 10/22/2015) |
| 10/22/2015 | 91 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. . (Kniser, Casey) re: Withdrawal of Amended Complaint 81 . Modified text on 10/23/2015 (las). (Entered: 10/22/2015) |
| 10/23/2015 | 93 | Minute Entry for proceedings held before Magistrate Judge Hildy Bowbeer: Motion Hearing held on 10/23/2015 re 71 MOTION for Jurisdictional Discovery filed by M-I Drilling Fluids UK Ltd. The motion was taken under advisement, and a written order will issue. (Court Reporter: Digital Recording). (lmb) (Entered: 10/27/2015) |
| 10/27/2015 | 92 | TEXT ONLY ENTRY: NOTICE of Cancelation of Hearing on 59 MOTION to Dismiss for Lack of Jurisdiction : set for 10/29/2015 at 10:00 AM in Courtroom 13W (MPLS) before Judge Ann D. Montgomery. (Carlson, Alan). (JME) (Entered: 10/27/2015) |
| 10/27/2015 | 🔒 | (Court only) *** Motions Taken Under Advisement: 71 MOTION for Jurisdictional Discovery. (lmb) (Entered: 10/27/2015) |
| 10/29/2015 | 94 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd. . (Attachments: # 1 Exhibit(s) Quantum Catalitics, LLC v. Vantage Point Partners, # 2 Exhibit(s) Blackwell Publishing Inc. v. Excel Research Group LLC)(Kniser, Casey) (Entered: 10/29/2015) |
| 11/03/2015 | 95 | LETTER TO MAGISTRATE JUDGE by Dynamic Air Ltda. . (Attachments: # 1 Exhibit(s) Duffy v. Wolle). (Werner, Todd) Modified text on 11/4/2015 (lmb). (Entered: 11/03/2015) |
| 11/06/2015 | 97 | Minute Entry for proceedings held before Magistrate Judge Hildy Bowbeer: Motion Hearing held on 11/6/2015 re 71 MOTION for Jurisdictional Discovery filed by M-I Drilling Fluids UK Ltd., 86 MOTION to Alter/Amend/Supplement Pleadings 1 Complaint, filed by M-I Drilling Fluids UK Ltd. (ALM) (Entered: 11/09/2015) |
| 11/06/2015 | 98 | TEXT ONLY ENTRY. Oral ORDER granting 86 MOTION to Alter/Amend /Supplement Pleadings 1 Complaint, by M-I Drilling Fluids UK Ltd. Entered in open court by Magistrate Judge Hildy Bowbeer on 11/6/2015. (ALM) (Entered: 11/09/2015) |
| 11/09/2015 | 96 | ORDER granting in part and denying in part 71 Motion for Jurisdictional Discovery. The hearing before the District Court on DAL's Motion to Dismiss for Lack of Jurisdiction [Doc. No. 59 ] will be held before Judge Ann D. Montgomery on January 28, 2016 at 9:00 a.m. in Courtroom 13W, United States District Court, 300 South Fourth Street, MINNEAPOLIS, MN 55415. |

| | | (*See Order for Additional Deadlines.*) Signed by Magistrate Judge Hildy Bowbeer on 11/6/2015. (ALM) (Entered: 11/09/2015) |
|---|---|---|
| 11/09/2015 | 99 | ORDER/NOTICE OF TELEPHONIC CASE MANAGEMENT CONFERENCE: See Order for list of dates. Signed by Magistrate Judge Hildy Bowbeer on 11/9/2015. (lmb) (Entered: 11/09/2015) |
| 11/10/2015 | 100 | AMENDED COMPLAINT against Dynamic Air Ltda.. Filed by M-I LLC, M-I Drilling Fluids UK Ltd.. No summons requested. (Attachments: # 1 Exhibit(s) A - US6702539, # 2 Exhibit(s) B - US6709217, # 3 Exhibit(s) C - US7033124, # 4 Exhibit(s) D - US7186062, # 5 Exhibit(s) E - US7544018) (Chadwick, Eric) (Entered: 11/10/2015) |
| 11/18/2015 | 101 | AMENDED NOTICE OF HEARING ON MOTION 59 MOTION to Dismiss for Lack of Jurisdiction: Motion Hearing set for 1/22/2016 09:30 AM in Courtroom 13W (MPLS) before Judge Ann D. Montgomery. (Chadwick, Eric) Modified text on 11/19/2015 (lmb). (Entered: 11/18/2015) |
| 12/10/2015 | 102 | LETTER TO MAGISTRATE JUDGE by M-I Drilling Fluids UK Ltd., M-I LLC *encl agenda for 12/15 case management conference*. (Chadwick, Eric) (Entered: 12/10/2015) |
| 12/15/2015 | 103 | Minute Entry for proceedings held before Magistrate Judge Hildy Bowbeer: Case Management Conference held on 12/15/2015. (ALM) (Entered: 12/16/2015) |
| 12/18/2015 | 104 | NOTICE of Appearance by Nathan Louwagie on behalf of Dynamic Air Ltda.. (Louwagie, Nathan) (Entered: 12/18/2015) |
| 12/21/2015 | 105 | LETTER TO DISTRICT JUDGE by M-I Drilling Fluids UK Ltd., M-I LLC *re: Supplemental Briefing*. (Chadwick, Eric) (Entered: 12/21/2015) |
| 12/22/2015 | 106 | LETTER from Judge Ann D. Montgomery regarding briefing on the issue of personal jurisdiction. The parties' joint request for additional briefing and proposed briefing schedule is approved. Plaintiffs shall file their supplemental memorandum on or before January 7, 2016, with Defendant responding on or before January 15, 2016. Briefing is not to exceed seven pages. (TLU) (Entered: 12/22/2015) |
| 01/07/2016 | 107 | MEMORANDUM in Opposition re 59 MOTION to Dismiss for Lack of Jurisdiction *Supplemental* filed by All Plaintiffs. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Chadwick, Eric) SEALED DOCUMENT RECEIVED IN CLERK'S OFFICE ON 1/7/16. (kt) (Entered: 01/07/2016) |
| 01/07/2016 | 108 | Declaration of Bruno De Medeiros in Support of 107 Memorandum in Opposition to Motion filed by All Plaintiffs. (Chadwick, Eric) (Entered: 01/07/2016) |
| 01/07/2016 | 109 | Declaration of Scott J. Pivnick in Support of 107 Memorandum in Opposition to Motion filed by All Plaintiffs. (Attachments: # 1 Exhibit(s) 1 - DAL supp Objections, # 2 Exhibit(s) 2 - DAL 2nd Supp Objections, # 3 Exhibit(s) 3 - |

| | | |
|---|---|---|
| | | Osorio email & translation, # 4 Exhibit(s) 4- Translated proposal, # 5 Exhibit(s) 5- website printout, # 6 Exhibit(s) 6- Osorio emails & translations, # 7 Exhibit(s) 7- Inspection report & translation, # 8 Exhibit(s) 8- Osorio email & translation, # 9 Exhibit(s) 9- Email String & translation, # 10 Exhibit(s) 10- Website printout, # 11 Exhibit(s) 11- Website printout, # 12 Exhibit(s) 12- certified English translation of Osorio email to Paez, # 13 Exhibit(s) 13- certifed English translation of Paez email to Steele)(Chadwick, Eric) SEALED DOCUMENTS RECEIVED IN CLERK'S OFFICE ON 1/7/16. (kt) Modified on 1/8/2016 (kt). (Entered: 01/07/2016) |
| 01/07/2016 | 110 | CERTIFICATE OF SERVICE by M-I Drilling Fluids UK Ltd., M-I LLC re 109 Declaration in Support,,, 107 Memorandum in Opposition to Motion *Conventially filed documents* (Chadwick, Eric) (Entered: 01/07/2016) |
| 01/11/2016 | 111 | NOTICE of withdrawal of Attorney David Kuklewicz for Drilling Fluids UK Ltd., M-I LLC. (Chadwick, Eric) Modified text on 1/12/2016 (lmb). (Entered: 01/11/2016) |
| 01/12/2016 | 🔒 | (Court only) ***Motions terminated: 111 MOTION to Withdraw as Attorney *David Kuklewicz* filed by M-I LLC, M-I Drilling Fluids UK Ltd. (lmb) (Entered: 01/12/2016) |
| 01/12/2016 | 🔒 | (Court only) *** Attorney David K Kuklewicz terminated per Notice 111 . (lmb) (Entered: 01/12/2016) |
| 01/14/2016 | 112 | Minute Entry for proceedings held before Magistrate Judge Hildy Bowbeer: Case Management Conference by telephone was held on 1/14/2016. (Case Management TeleConference set for 2/18/2016 09:00 AM CST and an additional teleconference 02/03/2016 at 1:30 PM CST). See Minutes for further detail. (las) (Entered: 01/14/2016) |
| 01/15/2016 | 113 | MEMORANDUM in Support re 59 MOTION to Dismiss for Lack of Jurisdiction *Supplemental* filed by Dynamic Air Ltda.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Carlson, Alan) (Entered: 01/15/2016) |
| 01/15/2016 | 114 | Declaration of Todd S. Werner in Support of 113 Memorandum in Support of Motion filed by Dynamic Air Ltda.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Placeholder for 6,7,8,9)(Carlson, Alan) Sealed documents received on 1/15/2016 (SAE). (Entered: 01/15/2016) |
| 01/15/2016 | 115 | CERTIFICATE OF SERVICE by Dynamic Air Ltda. *Of Confidential Documents* (Carlson, Alan) (Entered: 01/15/2016) |
| 01/22/2016 | 116 | TEXT ONLY ENTRY. Minute Entry for proceedings held before Judge Ann D. Montgomery: Motion Hearing held on 1/22/2016 re 59 MOTION to Dismiss for Lack of Jurisdiction filed by Dynamic Air Ltda. Motion taken under advisement (Court Reporter Tim Willette). (JME) (Entered: 01/22/2016) |

| | | |
|---|---|---|
| 01/22/2016 | 🔒 | (Court only) *** Motion Taken Under Advisement: 59 MOTION to Dismiss for Lack of Jurisdiction . (JME) (Entered: 01/22/2016) |
| 02/04/2016 | 117 | NOTICE of Filing of Official Transcript. This filing has 1 transcript(s) associated with it. (TJW) (Entered: 02/04/2016) |
| 02/04/2016 | 🔒 118 | TRANSCRIPT of Hearing on Defendant's Motion to Dismiss for Lack of Jurisdiction held on January 22, 2016 before Judge Ann D. Montgomery. (30 pages). Court Reporter: Tim Willette (E-mail: Tim_Willette@mnd.uscourts.gov / Telephone: 612-664-5108). Redaction Request due 2/25/2016. Redacted Transcript Deadline set for 3/7/2016. Release of Transcript Restriction set for 5/4/2016. For information on redaction procedures, please review Local Rule 5.5. (TJW) (Entered: 02/04/2016) |
| 02/04/2016 | 🔒 | (Court only) ***Staff notes - Transcript fee paid by Eric H Chadwick. Electronic access to transcript 118 granted during the 90-day restriction period. (TJW) (Entered: 02/04/2016) |
| 02/18/2016 | 119 | Minute Entry for proceedings held before Magistrate Judge Hildy Bowbeer: Status Conference held on 2/18/2016. (kt) (Entered: 02/19/2016) |
| 03/01/2016 | 120 | MEMORANDUM OPINION AND ORDER granting 59 Defendant Dynamic Air Ltda.'s Motion to Dismiss for Lack of Jurisdiction (Written Opinion). Signed by Judge Ann D. Montgomery on 03/01/2016. (TLU) (Entered: 03/01/2016) |
| 03/01/2016 | 121 | JUDGMENT (Attachments: # 1 Civil Notice - appeal)(lmb) (Entered: 03/01/2016) |
| 03/22/2016 | 122 | AMENDED MEMORANDUM OPINION AND ORDER granting 59 MOTION to Dismiss for Lack of Jurisdiction filed by Dynamic Air Ltda. Signed by Judge Ann D. Montgomery on 3/22/16. (JME) (Entered: 03/22/2016) |
| 03/22/2016 | 123 | AMENDED JUDGMENT (Attachments: # 1 Civil Notice - appeal)(lmb) (Entered: 03/22/2016) |
| 03/22/2016 | 🔒 | (Court only) ***Clear Reopen Flag. (lmb) (Entered: 03/22/2016) |
| 03/29/2016 | 124 | NOTICE OF APPEAL TO FEDERAL CIRCUIT as to 121 Judgment, 122 Order, 123 Judgment, 120 Order on Motion to Dismiss/Lack of Jurisdiction by M-I Drilling Fluids UK Ltd., M-I LLC. Filing fee $ 505, receipt number AMNDC-4848382. (Chadwick, Eric) (Entered: 03/29/2016) |
| 03/29/2016 | 125 | DOCUMENT FILED IN ERROR. TRANSMITTAL OF APPEAL LETTER TO U.S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to Federal Circuit 124 . (lmb) Modified text on 3/30/2016 (lmb). (Entered: 03/29/2016) |

# UNITED STATES DISTRICT COURT
## District of Minnesota

M-I Drilling Fluids UK Ltd.
and M-I LLC

                Plaintiff,

v.

Dynamic Air Ltda.

                Defendant(s).

## AMENDED JUDGMENT
## IN A CIVIL CASE

Case Number:  13-cv-2385-ADM-HB

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Defendant Dynamic Air Ltda.'s Motion to Dismiss [Docket No. 59] is **GRANTED**; and

2. The Complaint [Docket No. 1] is **DISMISSED**.

Date: March 22, 2016

                RICHARD D. SLETTEN, CLERK

                s/L. Brennan

    (By)                L. Brennan, Deputy Clerk

A true printed copy in __1__ sheet(s)
of the electronic record filed on _3/22/16_.
in the United States District Court
for the District of Minnesota.
CERTIFIED,_____March 30 2016_____
        RICHARD D. SLETTEN
BY:_____
           Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

A true printed copy in __2__ sheet(s)
of the electronic record filed on _3/22/16_
in the United States District Court
for the District of Minnesota.
CERTIFIED, _____March 30 2016_____
RICHARD D. SLETTEN
BY: _____
Deputy Clerk

M-I Drilling Fluids UK Ltd.
and M-I LLC,

        Plaintiffs,

  v.

Dynamic Air Ltda.,

        Defendant.

**AMENDED MEMORANDUM OPINION
AND ORDER**
Civil No. 13-2385 ADM/HB

---

Patrick Flinn, Esq., Alston & Bird LLP, Atlanta, GA and, Eric H. Chadwick, Esq., Patterson
Thuente Pederson, PA, Minneapolis, MN, on behalf of Plaintiffs.

Todd Werner, Esq. and Alan Carlson, Esq., Carlson Caspers Vandenburgh Lindquist & Schuman
PA, Minneapolis, MN, on behalf of Defendant.

---

On January 22, 2016, the undersigned United States District Judge heard oral argument

on Defendant Dynamic Air Ltda.'s ("DAL") Motion to Dismiss [Docket No. 59].  Plaintiffs M-I

Drilling Fluids UK Ltd. ("M-I") and M-I LLC oppose the motion.

The MEMORANDUM, OPINION AND ORDER [Docket No. 120] was entered on

March 1, 2016. This order corrects only the docket number reflected in the conclusion from

Docket No. 22 to Docket No. 59.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**
that:

1.    Defendant Dynamic Air Ltda.'s Motion to Dismiss [Docket No. 59] is
    **GRANTED**; and

2.    The Complaint [Docket No. 1] is **DISMISSED**.

**LET AMENDED JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


 s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 22, 2016

A true printed copy in __15__ sheet(s)
of the electronic record filed on __3/1/16__ .
in the United States District Court
for the District of Minnesota.
CERTIFIED,_____
March 30 2016
RICHARD D. SLETTEN
BY:_____
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

M-I Drilling Fluids UK Ltd.
and M-I LLC,

                    Plaintiffs,

          v.

Dynamic Air Ltda.,

                    Defendant.

**MEMORANDUM OPINION**
**AND ORDER**
Civil No. 13-2385 ADM/HB

_____

Patrick Flinn, Esq., Alston & Bird LLP, Atlanta, GA and, Eric H. Chadwick, Esq., Patterson
Thuente Pederson, PA, Minneapolis, MN, on behalf of Plaintiffs.

Todd Werner, Esq. and Alan Carlson, Esq., Carlson Caspers Vandenburgh Lindquist & Schuman
PA, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On January 22, 2016, the undersigned United States District Judge heard oral argument

on Defendant Dynamic Air Ltda.'s ("DAL") Motion to Dismiss [Docket No. 59]. Plaintiffs M-I

Drilling Fluids UK Ltd. ("M-I") and M-I LLC oppose the motion. For the reasons set forth

below, Defendant's motion is granted.

## II. BACKGROUND

### A. The Complaint

M-I is a private limited company organized under the laws of the United Kingdom, with

its principal place of business in the United Kingdom, and M-I LLC is a United States company

incorporated in Delaware. Am. Compl. [Docket No. 100] ¶ 2. M-I designs and sells equipment

used in the process of drilling oil wells, including on the sea floor. Id. ¶¶ 10-11. Its process for

drilling wells brings "subterranean formation cuttings," including rock, sand, and other materials

to the drilling rig on the water's surface.  Id. ¶ 11.  When first brought up, the drill cuttings are in

a slurry with drilling fluid.  This slurry is then processed to remove some of the drilling fluid,

leaving the cuttings with the consistency of a "very thick heavy paste."  Id.  The cuttings must be

disposed of safely, typically by transporting them from the drilling rig onto a ship, and then from

the ship onto shore for processing and disposal.  Id.  M-I supplies drilling fluid systems and other

equipment designed to improve drilling performance, maximize productivity, and manage the

waste generated through the drilling process.  Id. ¶¶ 10-12.

Defendant DAL is a corporation organized under the laws of Brazil, with its principal

place of business in Brazil.  Id. ¶ 4.  DAL is a subsidiary of Dynamic Air Inc. ("DAI"), a

corporation organized under the laws of Minnesota and headquartered in Minnesota.  Id. ¶ 4.

DAL was originally financed and capitalized by funds from DAI.  The head of DAL, Horacio

Paez, makes annual trips from Brazil to DAI in Minnesota.  Paez Decl. [Docket No. 65] ¶ 24.

In late 2011 or early 2012, non-party Petróleo Brasileiro ("Petrobras") initiated a request

for proposal ("RFP") process, seeking a pneumatic conveyance system to transport drill cuttings

from an oil rig onto a ship.  Am. Compl. ¶ 22.  M-I's "sister company and customer" M-I Swaco

do Brasil - Comerico, Servicos E Mineracao Ltda. ("M-I Brazil") submitted a bid to provide the

equipment, as did DAL.  Id.

DAL won the bidding process, and thereafter designed, sold, and operated at least three

pneumatic conveyance systems for Petrobras.  Id.  The contract between DAL and Petrobras was

silent as to the flag-state of ships on which Petrobras might lease and require DAL to perform

installation.  See First Werner Decl. [Docket No. 62] Ex. B.  Petrobras ultimately required

installation on ships flying under the flags of several countries, including the United States,

2

Norway, and the United Kingdom.  See Second Werner Decl. [Docket No. 114] Ex. 5 ¶ 4.  In February 2013, DAL installed a system that pneumatically conveys drill cuttings from "P-59," a drilling rig in Brazilian waters, onto the *HOS Resolution*, a U.S.-flagged ship.  Am. Compl. ¶¶ 22–23.  In August 2013, DAL installed a similar system on board the *HOS Pinnacle*, another U.S.-flagged ship, to remove drill cuttings from "P-III," another oil rig in Brazilian waters.  Id. ¶ 24.  Both ships transport drill cuttings to shore for further processing and disposal.

Sometime before the Petrobras RFP, M-I alleges as many as eight M-I Brazil employees who had worked on pneumatic conveyance technology left M-I Brazil to work for DAL.  Id. ¶ 22.  M-I alleges DAL and Dynamic Air, Inc. had never previously designed or sold such systems and obtained knowledge of these systems through M-I's former employees and from competing against M-I in past RFPs.  Id.  The General Manager of DAL's Oil & Gas Division, Marcelo Osorio, is one such former M-I Brazil employee.  See Second Werner Decl. Ex. 5.  During the course of his employment with M-I Brazil, Osorio prepared proposals for the removal of drill cuttings pursuant to a contract between M-I Brazil and Petrobras.  De Medeiros Decl. [Docket No. 108] ¶ 4. Under this contract, Petrobras required M-I to install pneumatic conveyance equipment aboard 7 ships, 3 of which were U.S.-flagged.  Id. ¶ 5.  As such, Osorio was aware that Petrobras had previously required equipment installation on U.S.-flagged ships.

M-I holds five United States patents for methods, systems, and apparatuses used in the collection, conveyance, transportation, and/or storage of drilling waste, including the paste-like drill cuttings.  Am. Compl. ¶ 13.   M-I LLC is an exclusive licensee of the asserted patents.  Id. ¶ 14.  The patents are numbered: (1) 6,702,539 (the "'539 Patent); (2) 6,709,217 (the "'217 Patent"); (3) 7,033,124 (the "'124 Patent"); (4) 7,186,062 (the "'062 Patent"); and (5) 7,544,018

(the "'018 Patent").  Id. ¶¶ 29–83.

M-I claims DAL and Dynamic Air, Inc. directly infringed and contributed to the infringement of the five patents at issue by making, selling, and using pneumatic conveyance systems such as those on the *HOS Resolution* and the *HOS Pinnacle*.  Id.  Litigation related to the same activities at issue here is currently underway in Brazil.  See First Werner Decl. Ex. C.[1]

**B.  Procedural History**

DAL and Dynamic Air, Inc. moved to dismiss this action for failure to state a claim in October 2013.  See Mot. Dismiss [Docket No. 22].  The Court granted the motion as to both parties on February 6, 2014.  See Order [Docket No. 32].  The Court found that it lacked personal jurisdiction over DAL, stating, in part, that Rule 4(k)(2) jurisdiction was improper because DAL had not been served with a summons and M-I had not pled sufficient facts to show that DAL's contacts with the United States were sufficient so that exercising jurisdiction would adhere to due process requirements.  See id. at 7.  The Court further held that M-I failed to state a plausible infringement claim against Dynamic Air Inc. as it did not allege infringing conduct by Dynamic Air Inc.  See id. at 10–11.

M-I subsequently moved to amend the judgment, arguing that it was improper to dismiss DAL when M-I had not effectuated service on the entity and the service process was ongoing.  See Mot. Am. J. [Docket No. 38].  In an abundance of caution, the Court granted M-I's motion, allowing M-I the opportunity to continue its efforts to serve DAL.  See Order [Docket No. 44].  Once DAL was served, DAL was directed to "address the issue of personal jurisdiction if it so chooses."  Id. at 3.

---

[1]Amazingly, this Court does not speak Portuguese.  Accordingly, the documents written in Portuguese relating to the corresponding Brazilian litigation submitted in Werner Decl., Ex. C were not considered.  At the hearing, counsel for DAL represented that M-I and M-I Brazil had filed suit in Brazil for patent infringement against DAL and that "[the litigation] is in all respects the same as what is going on here in the United States."  Tr. [Docket No. 118] 8:5–6.

M-I effectuated service on DAL and on September 9, 2015, DAL filed the present

Motion to Dismiss, arguing lack of personal jurisdiction.  Shortly thereafter, M-I made a Motion

for Jurisdictional Discovery  [Docket No. 71] and a Motion to Amend the Complaint  [Docket

No. 86].  In its Motion for Jurisdictional Discovery, M-I sought discovery on its asserted grounds

for personal jurisdiction:  (1) that DAL purposefully availed itself of jurisdiction in the United

States by operating the accused systems on U.S.-flagged ships; and (2) that DAL is the alter ego

of Dynamic Air Inc. and/or that Dynamic Air Inc. is the controlling partner of DAL.  Magistrate

Judge Hildy Bowbeer granted in part and denied in part M-I's motion to amend.  The Motion

was denied insofar as M-I could not add facts related to an alter ego theory, but granted to allow

the removal of Dynamic Air Inc. as a defendant and the addition of M-I LLC as a plaintiff.  See

Min. [Docket No. 97].  Judge Bowbeer additionally granted M-I's motion for jurisdictional

discovery in part, allowing limited discovery to take place regarding the question of whether

DAL purposefully availed itself of U.S. jurisdiction.  See Order [Docket No. 96].  Due to this

additional jurisdictional discovery, the parties were permitted to submit supplemental briefing

prior to the hearing on the motion to dismiss.  See [Docket Nos. 107, 113].[2]

### III.  DISCUSSION

**A.  Applicable Standards**

District courts apply the law of the Federal Circuit, rather than that of regional circuits, to

determine whether personal jurisdiction is appropriate in patent infringement cases.  Red Wing

Shoe Co., Inc. v. Hockerson-Halbertstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998).  When

---

[2]M-I amended the Complaint on November 10, 2015, after the pending Motion to Dismiss was filed.  No party has argued that the Amended Complaint moots DAL's Motion to Dismiss, likely because the substantive claims in the Amended Complaint remain the same.  The Court maintains discretion to apply arguments raised in a pending motion to dismiss to a later filed amended complaint and will do so here.  See Cartier v. Wells Fargo Bank, N.A., 547 Fed. Appx. 800, 803–04 (8th Cir. 2013) (holding that the district court did not err in treating a motion to dismiss an original complaint as applying to a later filed amended complaint).

personal jurisdiction is based on affidavits and other written materials, rather than an evidentiary

hearing, a plaintiff need only make a prima facie showing that defendants are subject to personal

jurisdiction.  <u>Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.</u>, 297 F.3d

1343, 1347 (Fed. Cir. 2002).  In considering a motion to dismiss, the facts alleged in the

complaint must be accepted as true and any factual conflicts must be resolved in the plaintiff's

favor.  <u>Id.</u>

## B.  Personal Jurisdiction Over DAL

Plaintiffs argue that this Court has personal jurisdiction over DAL under Federal Rule of

Civil Procedure 4(k).  Rule 4(k)(2) allows a federal court to exercise personal jurisdiction over a

defendant if "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to

jurisdiction in any state's court of general jurisdiction, and (3) the exercise of jurisdiction

comports with due process."  <u>Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico</u>,

563 F.3d 1285, 1293–94 (Fed. Cir. 2009).  DAL does not contest the first two factors under Rule

4(k).  Rather, at issue between the parties is whether exercise of personal jurisdiction over DAL

complies with due process.[3]

"[D]ue process requires only that in order to subject a defendant to a judgment in

personam, [the defendant must] have certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

<u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S.

457, 463 (1940)).  A party may be subject to either general or specific jurisdiction under the Due

---

[3] At the hearing, Plaintiffs stated that they were no longer pursuing an alter-ego jurisdictional theory.  <u>See</u> Tr. 22:9–10.  Plaintiffs were less clear, however, regarding whether they wished to continue to pursue the partnership theory of jurisdiction, as counsel briefly alluded to the corporate structure of DAL.  In her order on jurisdictional discovery, Judge Bowbeer soundly rejected this theory.  <u>See</u> Order at 12–13.  The Court agrees with her reasoning.  Moreover, given that the supplemental briefing did not address this theory, the Court considers it abandoned.

Process Clause.  Plaintiffs do not argue that DAL is subject to general personal jurisdiction in

Minnesota, rather Plaintiffs contend there is specific personal jurisdiction over DAL pursuant to

Rule 4(k)(2).

The Federal Circuit has promulgated a three factor test to determine whether specific

personal jurisdiction under Rule 4(k)(2) comports with due process:  (1) whether the defendant

purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or

relates to the defendant's activities with the forum, and (3) whether assertion of personal

jurisdiction is reasonable and fair.  <u>Synthes</u>, 563 F.3d at 1297.  Rule 4(k) "contemplates a

defendant's contacts with the entire United States, as opposed to the state in which the district

court sits."  <u>Id.</u> at 1295–96.  "The plaintiff has the burden of proving parts one and two of the

test, and then the burden shifts to the defendant to prove that personal jurisdiction is

unreasonable."  <u>Grober v. Mako Prods., Inc.</u>, 686 F.3d 1335, 1346 (Fed. Cir. 2012) (citation

omitted).

### 1.  Purposefully Directed Activities

The parties focus their jurisdictional arguments on whether DAL purposefully directed its

activities into United States territory.  Plaintiffs argue that purposeful availment occurred when

DAL installed and operated the accused pneumatic conveyance systems on two U.S.-flagged

ships, the *HOS Pinnacle* and *HOS Resolution*.  In response, DAL contends that because its

contract with Petrobras required it to install the accused system wherever Petrobras directed,

DAL had no control over where the systems were ultimately installed and, as such, did not

purposefully direct any activity to the United States.[4]

---

[4] In a related case, <u>M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.</u>, 14-cv-4857, this
Court previously concluded under the Law of the Flag that United States territory extends to
U.S.-flagged ships.  <u>See</u> Order [Docket No. 30].  The parties have not disputed this conclusion in
arguing this motion.

For this portion of the due process inquiry, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quotations omitted).

Here, Petrobras, not DAL, had exclusive control over where the accused systems were installed. The contract required DAL to install and operate pneumatic conveying systems on Petrobras oil rigs and the ships supporting those rigs in the Exclusive Economic Zone of Brazil. Under the contract terms, DAL was required to have six systems available for installation in "maritime units" and zero systems available for "vessels" at the start of the contracting period. First Werner Decl. Ex. B. ¶ 3.4.3,  However, the contract additionally mandated that, upon request from Petrobras, DAL "may be required" to install up to 10 systems for both maritime units and vessels. Id. ¶ 3.4.3.1 (emphasis added). Accordingly, the contract did not explicitly identify the ships on which DAL would be require to make installations, much less the flags under which these ships were operated. Vessel installation under the contract terms was only a possibility—a possibility exclusively under Petrobras' direction. At the time DAL contracted with Petrobras, it was unknown if DAL had no idea if it would be required to install the system on ships or the flag state of such ships. DAL's contact with the *HOS Pinnacle* and the *HOS Resolution* was therefore due to the unilateral activity of another party and random insofar as it was completely dependent on Petrobras' direction. Said differently, Plaintiffs cannot show that DAL "purposefully availed itself of the privilege of conducting activities" within the United

States when DAL had no control over where the accused systems were ultimately installed.

Hanson, 357 U.S. at 253.

In Bellisio Foods, Inc. v. Prodo Pak Corp., the court came to a similar conclusion that personal jurisdiction cannot arise from contacts created by a unilateral choice of a third party. No. 07-4520, 2008 WL 4867352 (D. Minn. Nov. 4, 2008). In that case, the plaintiff entered into a contract to purchase a packing machine from the defendant. Id. at *1–2. During contractual negotiations, the delivery destination of the machine was not specified. Id. at *2. After negotiations concluded, the defendant learned that the plaintiff requested delivery to Minnesota. Id. The defendant ultimately failed to deliver the machine and was sued for breach of contract in Minnesota. Id. The court dismissed for lack of personal jurisdiction, concluding that the defendant had not purposefully directed activities to Minnesota because "if [the defendant] had wanted to avoid any connection with Minnesota, it could have done so only by breaching its contract to sell the machine to [the plaintiff]. In effect, [the defendants] were trapped into doing business with a Minnesota resident." Id. at *8. This lack of choice and direction was critical to the court's conclusion, stating that the "very function of the purposeful-availment requirement is to ensure that defendants are able to decide freely whether to engage in actions that might subject them to jurisdiction in a foreign forum." Id. at *7. DAL's position here closely parallels that of the defendant in Bellisio—DAL's connection with the United States was completely dependent on Petrobras' unilateral choice to lease U.S.-flagged ships, a choice that was not explicitly contemplated prior to the contract's completion.

The evidence secured by jurisdictional discovery does not alter this conclusion. Plaintiffs argue that prior to entering into the contact with Petrobras, DAL knew that it likely would be required to install and operate the accused system on U.S.-flagged ships. Plaintiffs base this

conclusion on the knowledge of DAL's General Manager for its Oil & Gas Division, Marcelo

Osorio.  Osorio was previously employed by M-I Brazil during a time when M-I Brazil was

contracted to install pneumatic conveyance equipment for Petrobras.  During the course of his

employment with M-I Brazil, Osorio recalls conveyance equipment being installed on U.S.-

flagged ships under the Petrobras contract.  Osorio additionally recalls equipment installation on

ships flying under the flags of several other countries, including Brazil, Liberia, the United

Kingdom, and Vanautu.  Second Werner Decl., Ex. 5 ¶ 2.

The parties contest whether Osorio's knowledge can properly be imputed to DAL.

Plaintiffs argue that under Minnesota law an agent's knowledge of facts acquired prior to his

agency may be attributed to the agent's principal.  Plaintiffs cite to PHL Variable Ins. Co. v.

2008 Christa Joseph Irrevocable Trust, wherein the court stated, "[k]nowledge of an agent

acquired previous to the agency, but appearing to be actually present in his mind during the

agency, and while acting for his principal in the particular transaction or matter, will, as respects

such transactions or matter, be deemed notice to his principal, and will bind him as fully as if

originally acquired by him."  970 F. Supp. 2d 932, 944 (D. Minn. 2013) (quotation omitted).

DAL emphasizes, however, that under this standard advanced by Plaintiffs, information acquired

by an agent is only attributed to the principal when that information was present in the mind of

the agent during the relevant transaction, and Osorio knew nothing regarding the ships Petrobras

would ultimately lease under the contract between Petrobras and DAL.  See Second Werner

Decl., Ex. 5 ¶ 3 ("I did not know, and I am unaware of anyone else at [DAL] who knew what

supply ships Petrobras would lease and instruct [DAL] to install its equipment prior to its signing

of the contract with Petrobras.").

Assuming that Osorio's knowledge of Petrobras previously requiring M-I Brazil to install

equipment on U.S.-flagged ships could be attributed to DAL, this knowledge is not indicative of what would be required by Petrobras under the DAL contract.  As noted by DAL, Plaintiffs' argument is premised on the assumption that past is prologue—that is, Petrobras' demands under a contract with one entity can somehow predict Petrobras' future demands under a separate contract with a different entity.  At most, Osorio's knowledge establishes that there was a possibility Petrobras might require DAL to install equipment on a U.S.-flagged ship.  Purposeful availment, however, requires more than a mere possibility.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) ("[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State.  Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  (citations omitted)).

Because Plaintiffs have failed to show that DAL purposefully directed activities at the United States, whether DAL's activities arise from within the United States will not be addressed here.  Plaintiffs have not satisfied their burden to show that personal jurisdiction over DAL adheres to due process.

### 2.  Reasonable and Fair

Additionally, personal jurisdiction is lacking because even if Plaintiffs had satisfied the first two prongs of the specific jurisdiction injury, exercising specific jurisdiction over DAL would not be reasonable and fair.  "To determine whether exercising personal jurisdiction would comport with 'fair play and substantial justice,' [the Court considers] five factors:  (1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in

furthering fundamental substantive social policies." Synthes, 563 F.3d at 1299 (citation

omitted).  These factors may "render jurisdiction unreasonable," even in the case of sufficient

minimum contacts .  Burger King, 471 U.S. at 477.

First, the burden on DAL to litigate in this court would be substantial.  DAL cites to

burdens including frequent travel between Brazil and the United States, the language barrier and

need for translation of "countless documents," and conflicts in the law with Brazilian litigation

addressing the identical underlying activities of this case.  The Court finds these burdens

significant.  Indeed, "[t]he unique burdens placed upon one who must defend oneself in a foreign

legal system should have significant weight in assessing the reasonableness in stretching the long

arm of personal jurisdiction over national borders."  Asahi Metal Indus. Co., Ltd. v. Superior

Court of Cal., 480 U.S. 102, 114 (1987).  In attempting to reduce the significance of this burden,

Plaintiffs cite to Paez's voluntary annual travel to the United States to DAI's Minnesota

headquarters.  But an annual trip of one employee to the United States does not equate to the

burdens of defending a complex patent infringement case.  This factor weighs heavily in DAL's

favor.

As to the United States' interest in adjudicating this dispute, the result of this factor does

not strongly favor either party.  This is a patent infringement action and the United States does

have a "substantial interest" in enforcing its patent laws.  See Synthes, 563 F. 3d at 1299

(quoting Depreny Animal Health, 297 F.3d at 1356).  Additionally, as noted by the Federal

Circuit in Synthes, the United States also maintains an interest in discouraging injuries resulting

from patent infringement that occur within its boundaries.  See id. at 1299–1300.  However, the

injury resulting from the alleged patent infringement in the United States (on the *HOS Resolution*

and *HOS Pinnacle*) is uncertain at this stage.  Additionally, all of the economic activities related

to this action occurred in Brazil  and allegedly resulted in one Brazilian company (DAL) receiving a contract over another (M-I Brazil).  The Court also notes that M-I is not a resident of the United States.  See e.g., Asahi Metal, 480 U.S. at 114 ("Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished.").

Plaintiffs' interest in obtaining "convenient and effective relief" in the United States is limited.  Nothing in the record gives any indication that it would be more convenient for Plaintiffs to litigate in the United States.  Plaintiffs argue that no other country besides the United States can enforce a U.S. patent.  However, at least one other federal court has previously disputed this blanket conclusion.  See ElcomSoft, Ltd. v. Passcovery Co., Ltd., No. 13-18, 2013 WL 6705188, at *4 (E.D. Va.., Dec. 19, 2013)  ("The fact that American courts may hesitate to enforce foreign patents fails to establish that the Russian courts have a similar policy regarding American patents").  Critically, DAL counters that "litigation addressing all of the activities—including the same activities on the *HOS Resolution* and *HOS Pinnacle*—is already occurring in Brazil."  Mem. Supp. Mot. Dismiss [Docket No. 61] 22.  Given that relevant overlapping litigation is already well underway in Brazil, this factor weighs slightly in favor of M-I.

The judicial efficiency factor weighs heavily in favor of DAL.  When evaluating this factor, "courts generally consider where witnesses and evidence are likely to be located."  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 574 (2d Cir. 1996) (citations and quotations omitted).  This case centers on the activity of Brazilian employees arising from a contract between Brazilian companies.  The activities supported extracting Brazilian oil on Brazilian oil rigs using equipment fabricated in Brazil.  As such, the majority of witnesses and relevant

discovery are located in Brazil.  Plaintiffs do not challenge this contention in their briefing.

Moreover, the Court cannot find that the United States is the more efficient forum when

litigation is substantially underway in Brazil arising from the same technology and activities at

issue here.

Lastly, the Court agrees with DAL that Brazil's interests are implicated in this action.

Nonparty Petrobras is partially owned by the Country of Brazil.  Because Petrobras hired DAL

to install the accused systems, the outcome of this case will directly impact Petrobras'

operations.  Moreover, the activity that took place on U.S.-flagged ships occurred in the

exclusive economic zone of Brazil—or waters where Brazil has control over economic activities.

For these reasons, the Court cannot conclude that exercise of personal jurisdiction here would

not hinder foreign relations with Brazil.  See Asahi Metal, 480 U.S. at 115 (stating that "the

Federal interest in Government's foreign relations policies" should be considered when

evaluating the reasonableness of asserting jurisdiction over an foreign defendant).  This factor

supports DAL's motion to dismiss.

A careful examination of these factors reveals that exercise of personal jurisdiction over

DAL would be neither reasonable nor fair.  As the Supreme Court has cautioned, "[g]reat care

and reserve should be exercised when extending our notions of personal jurisdiction into the

international field."  Id. at 115.  Personal jurisdiction here does not comport with due process

and, for this reason, DAL's motion to dismiss is granted.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**

that:

1.      Defendant Dynamic Air Ltda.'s Motion to Dismiss [Docket No. 22] is

**GRANTED**; and

2.      The Complaint [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 1, 2016.

# UNITED STATES DISTRICT COURT
## District of Minnesota

M-I Drilling Fluids UK Ltd.
and M-I LLC

                              Plaintiff,

v.

Dynamic Air Ltda.

                              Defendant(s).

**JUDGMENT IN A CIVIL CASE**

Case Number:  13-cv-2385-ADM-HB

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Defendant Dynamic Air Ltda.'s Motion to Dismiss [Docket No. 22] is **GRANTED**; and

2. The Complaint [Docket No. 1] is **DISMISSED**.

Date: March 1, 2016

RICHARD D. SLETTEN, CLERK

s/L. Brennan

(By)            L. Brennan, Deputy Clerk

A true printed copy in __1__ sheet(s)
of the electronic record filed on __3/1/16__.
in the United States District Court
for the District of Minnesota.
CERTIFIED,_____
                    March 30 2016
RICHARD D. SLETTEN

BY:_____

Deputy Clerk



# UNITED STATES DISTRICT COURT
## District of Minnesota

Warren E. Burger Federal
Building and U.S. Courthouse
316 North Robert Street
Suite 100
St. Paul, MN 55101
(651) 848-1100

U.S. Courthouse
300 South Fourth Street
Suite 202
Minneapolis, MN 55415
(612) 664-5000

Gerald W. Heaney Federal
Building and U.S.
Courthouse
515 West First Street
Suite 417
Duluth, MN 55802
(218) 529-3500

Edward J. Devitt U.S. Courthouse
and Federal Building
118 South Mill Street
Suite 212
Fergus Falls, MN 56537
(218) 739-5758

Court of Appeals for the Federal Circuit
National Courts Building
717 Madison Place NW, Room 401
Washington, DC  20439

RE:     Federal Circuit Appeal Information Sheet
        District Court Civil Case No: 13-cv-02385-ADM-HB
        Federal Circuit Case No:
        Case Caption:  M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.

Enclosed, please find one PDF copy of each of the following:

☑ Notice of Appeal
☑ Pleading(s) being appealed
☐ Docket Entries:
☑ Other: Certified Docket Sheet

Sincerely,

RICHARD D. SLETTEN, CLERK

s/ Lynnette Brennan

By: lmb
Deputy Clerk

**FEDERAL CIRCUIT APPEAL INFORMATION SHEET**

Case Title: M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.

Type of Case: Patent

Parties:
M-I Drilling Fluids UK Ltd.
M-I LLC
Dynamic Air Ltda.
*Dynamic Air Inc. (Dismissed 2/6/14)

(List all parties. Use an asterisk to indicate dismissed or withdrawn parties. Use a separate sheet if needed.  Explain any discrepancy with the caption used on the judgment, order or opinion.)

Docket No.: 120, 121, 122, 123

Date of Judgment/Order: 3/1/16, 3/22/16

Date of Notice of Appeal: 3/29/16

Cross or related appeal? N/A

Appellant is:  ☑ Plaintiff        ☐ Defendant        ☐ Other

FEES: Court of Appeals docket fee paid?     ☑ Yes      ☐ No

Receipt Number: AMNDC-4848382

U.S. Appeal?                    ☑ Yes      ☐ No

In forma pauperis?             ☐ Yes      ☑ No

Is this matter under seal?     ☐ Yes      ☑ No

Was a court reporter utilized?  ☑ Yes      ☐ No

Court Reporter Name and Telephone Number:

Tim Willette, 612-664-5108